**Tahir MAHMOOD, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71869.

Agency No. A75–480–648.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.\*\*

Decided Sept. 26, 2005.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David M. McConnell, Song Park, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Tahir Mahmood petitions for review of the Board of Immigration Appeals's denial of his application for asylum and withholding of removal. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination "must be supported by a specific, cogent reason." *de Leon–Barrios,* 116 F.3d at 393 (internal quotation marks omitted); *see also Li,* 378 F.3d at 962. Moreover, where an asylum claim is involved, an alien must show ei-ther past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc).

Here Mahmood's claims fail. The IJ's decision was the final agency determination, and the IJ found that Mahmood was not credible. We are unable to say that the IJ's decision was not supported by substantial evidence in the record. On the contrary, the evidence supports a decision that the inconsistencies and implausibilities in his testimony indicate that he is not credible. Certainly, we cannot say that "no reasonable factfinder could fail to find" him credible. *Elias–Zacarias,* 502 U.S. at 484, 112 S.Ct. at 817; *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) (a single supported ground for an adverse credibility finding is sufficient if it goes to the heart of the claim.).[1]

Petition DENIED.[2]

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mahmood also asserts that he was deprived of due process because the BIA did not expressly address a newspaper article submitted for the first time on his appeal to it. But we have never required that kind of specific reference. *Cf. Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 380–81 (9th Cir.2003) (en banc). At any rate, nothing in the article suggests that Mahmood would be in danger, so the error, if any, was not prejudicial. *Id.* at 383–84.

2. Because Mahmood did not meet the eligibility requirements for asylum, he also did not meet the more stringent standard of withholding of removal either. *See Ghaly,* 58 F.3d at 1429.